**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**
**CEDAR RAPIDS DIVISION**

NEW PENN FINANACIAL, L.L.C.,
doing business as SHELLPOINT
MORTGAGE SERVICING,

        Plaintiff,

vs.

STATE OF IOWA, IOWA
DEPARTMENT OF REVENUE AND
FINANCE; CRYSTAL GREINER;
CITY OF CEDAR RAPIDS; IOWA
SMALL BUSINESS ADMINISTRA-
TION, AN AGENCY OF THE
GOVERNMENT OF THE UNITED
STATES OF AMERICA; CRESTVIEW
ACRES, INC.; AND ALL UNKNOWN
CLAIMANTS, *et al.*,

        Defendants.

No. C 17-27-MWB

**OPINION AND ORDER**
**REGARDING DEFENDANT SMALL**
**BUSINESS ADMINISTRATION'S**
**MOTION TO DISMISS**

_____

**TABLE OF CONTENTS**

I.    **INTRODUCTION**.................................................................. 2

II.   **LEGAL ANALYSIS** ........................................................... 4
    A.   *Applicable Standards*........................................................ 4
    B.   *Authority To Reopen The Completed Foreclosure Action* .................. 6
        1.   *Arguments of the parties*.............................................. 6
        2.   *Discussion* ......................................................... 7
    C.   *No Waiver Of Sovereign Immunity* ........................................ 11
        1.   *Arguments of the parties*.............................................. 11
        2.   *Discussion* ......................................................... 12
    D.   *Impropriety Of A Quiet Title Action* ...................................... 14
        1.   *Arguments of the parties*.............................................. 14
        2.   *Discussion* ......................................................... 14

III.  **CONCLUSION** .............................................................. 15

In this case, the plaintiff seeks to reopen a completed foreclosure action—that is, a foreclosure action that went to judgment and sale of the property—to attempt to extinguish the interests of parties inadvertently omitted from the original action. One of those parties, the Small Business Administration (SBA) (through the United States), removed this case to this federal court and has now moved to dismiss the case against it for failure to state claims upon which relief can be granted. At the center of the dispute between the plaintiff and the SBA is a 70-year-old decision of the Iowa Supreme Court, which these parties read very differently.

## I.     *INTRODUCTION*

Mary P. Armbrecht executed a mortgage (Countrywide Mortgage) and promissory note (Countrywide Note) in favor of Countrywide Home Loans on June 26, 2007, for a property described as "Lot 4, Block 74 O.N. Hulls, Cedar Rapids Addition," identified as "Situated in the City of Cedar Rapids, County of Linn and State of Iowa." Original Petition, Exhibit B (Countrywide Mortgage, Exhibit A, Legal Description). The mortgage was recorded in Book 6829, Page 519, in the Recorder's Office of Linn County, Iowa. The defendant SBA also has a mortgage (SBA Mortgage) dated July 9, 2008, from Mary P. Armbrecht, on what the parties agree is the same property. However, the property is identified in the SBA Mortgage as "LOT 4, BLOCK 74, O.N. HULL'S SEVENTH ADDITION TO CEDAR RAPIDS, LINN COUNTY, IOWA." *See* Defendant SBA's Motion To Dismiss, Exhibit 1 (SBA Mortgage). The SBA Mortgage was recorded on July 21, 2008, in Book 7033, Page 567, in the Recorder's Office of Linn County, Iowa.

Subsequently, on June 25, 2015, Bank of America (BOA) filed a petition to foreclose the Countrywide Mortgage in the Iowa District Court for Linn County, Case No. EQCV083321, alleging, *inter alia*, that it was the holder of the Countrywide Note or otherwise was authorized by the owner of the loan to foreclose the Countrywide Mortgage. Petition, ¶ 5. The petition alleged that the property at issue was described as "Lot 4, Block 74, O.N. Hull's Addition to Cedar Rapids, Linn County, Iowa." Petition at ¶ 3. BOA did not name the SBA as a defendant. That foreclosure action was completed by decree on May 10, 2016, and execution on the real property issued on June 16, 2016. The Federal Home Loan Mortgage Corporation (FHLMC) was the purchaser of the property at the foreclosure sale. BOA filed a satisfaction in full on August 26, 2016.

On December 30, 2016, New Penn Financial, L.L.C., doing business as Shellpoint Mortgage Servicing, (Shellpoint) as the agent of FHLMC, filed a motion to reopen the foreclosure petition, to amend the petition to correct the legal description of the property, and to add a quiet title count. Again, the SBA was not a party to the motion to amend nor a defendant on the proposed amended petition. The state court granted the motion to amend on January 13, 2017. The amended description of the property in the amended petition was "Lot 4, Block 74, in O.N. Hulls Seventh Addition, Cedar Rapids, Linn County, Iowa," with underlining showing the amendments. The amended petition continues the paragraph numbering of the original petition, but does not consist of a single pleading incorporating both the original petition and the amendments.

On January 29, 2017, Shellpoint filed a second motion to amend the foreclosure petition to add the SBA and another party as defendants. The second amended petition, like the first amended petition, does not consist of a single pleading incorporating the preceding petition as amended, but consists simply of two paragraphs continuing the paragraph numbering from the first amended petition. Paragraph 20 states that the SBA

was made a party "because they claim some right, title or interest in the property," based on the SBA Mortgage, but alleged that "[a]ny right or interest the Defendant [SBA] has in and to the property which is the subject of this action is junior and subordinate to the right and interest of the Plaintiff in and to the property." The state court granted the motion to amend on February 9, 2017, and the United States was served with the original petition, the first amended petition, and the second amended petition on February 22, 2017.

On March 22, 2017, the SBA removed this action to this federal court. On April 21, 2017, the SBA filed the Motion to Dismiss Pursuant To Rule 12(b)(6) now before me. On May 17, 2017, Shellpoint filed its Resistance to the SBA's Motion To Dismiss. The SBA did not file any reply.

No party requested oral arguments in the manner required by the local rules, and I do not find that oral arguments are likely to be of benefit to the disposition of the SBA's Motion. Therefore, I will resolve that motion on the parties' written submissions.

## II. LEGAL ANALYSIS

### A. Applicable Standards

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a pre-answer motion to dismiss for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Although factual "plausibility" is ordinarily the central focus of Rule 12(b)(6) motions to dismiss under the *Twom-bal* standard,[1] various federal Circuit

---

[1] The "*Twom-bal* standard" is my nickname for the "plausibility" pleading standard established in the United States Supreme Court's twin decisions on pleading requirements, and standards for dismissal for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for

(Footnote continued . . .

Courts of Appeals have expressly recognized, and the Eighth Circuit Court of Appeals has suggested, that the *Twom-bal* standard still permits dismissal pursuant to Rule 12(b)(6) of a claim that lacks a cognizable legal theory, in addition to permitting dismissal for factual implausibility. *See, e.g., Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013); *Ball v. Famiglio*, 726 F.3d 448, 469 (3d Cir. 2013) (a claim may be dismissed if it is based on an "indisputably meritless legal theory"); *Commonwealth Property Advocates, L.L.C. v. Mortgage Electronic Registration Sys., Inc.*, 680 F.3d 1194, 1202 (10th Cir. 2011) ("Dismissal is appropriate if the law simply affords no relief."); *see also Philadelphia Indem. Ins. Co. v. Youth Alive, Inc.*, 732 F.3d 645, 649 (6th Cir. 2013) (recognizing that a claim must plead sufficient facts under a "viable legal theory"); *cf. Brown v. Mortgage Electronic Registration Sys., Inc.*, 738 F.3d 926, 933 n.7, 934 (8th Cir. 2013) (noting the appellate court's agreement "with the district court's sound reasoning that the facts pled do not state a cognizable claim under Arkansas law" and holding that dismissal pursuant to Rule 12(b)(6) was appropriate, because Arkansas law did not impose the purported duty on which an unjust enrichment claim and a state statutory claim were based).

It is precisely the lack of a cognizable legal theory for Shellpoint's claims against the SBA that is the basis for the SBA's Motion To Dismiss in this case. Specifically, the SBA argues that dismissal is appropriate, because (1) there is no authority for Shellpoint to reopen the case to modify the judgment to extinguish the SBA's valid mortgage lien; (2) the relief sought in the amended foreclosure claim violates the limited waiver of sovereign immunity of the SBA in 28 U.S.C. § 2410; and (3) Shellpoint cannot extinguish

---

claims in federal court. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009).

the SBA's valid and subsisting mortgage lien through a quiet title claim.  The plaintiff disagrees.

## B. Authority To Reopen The Completed Foreclosure Action

### 1. Arguments of the parties

The SBA's first ground for dismissal is that there is no authority for Shellpoint to reopen the case to modify the final judgment of foreclosure to extinguish the SBA's valid mortgage lien.  The SBA argues that, in *Lincoln Joint Stock Land Bank v. Rydberg*, 234 Iowa 1143, 15 N.W. 2d 246 (Iowa 1944), the decision at the center of both parties' arguments, the Iowa Supreme Court held that a plaintiff could avoid the necessity of filing a new quiet title action by reopening a foreclosure action for the limited purpose of resolving outstanding rights of redemption to real estate.  In other words, the SBA argues, the Iowa Supreme Court approved a procedural shortcut for a plaintiff to quiet title.  The SBA argues, however, that the Iowa Supreme Court did not authorize reopening a foreclosure case to adjudicate substantive property rights or to extinguish valid liens.  Furthermore, the SBA argues, a final judgment is conclusive, and the holding in *Rydberg* "specifically precludes Plaintiff from later reopening the foreclosure case to attempt to adjudicate substantive property rights by seeking to modify the May 2016 decree to foreclose out a valid and subsisting mortgage lien that was recorded in 2008."  SBA's Brief, 6.

In contrast, Shellpoint argues that, in *Rydberg*, the Iowa Supreme Court recognized that there is only a superficial distinction between an action to quiet title (an action to clear title where a possible party in interest did not have actual rights or those rights no longer exist) and foreclosure (an action to adjudicate actual property rights), but both actions are in equity, and failure to label an action as one or the other is not a

bar to relief. Shellpoint points out that it has alleged claims for both foreclosure and to quiet title. Shellpoint also argues that the decision in *Rydberg* specifically authorizes an action to reopen foreclosure proceedings to join a party having an interest in the mortgaged premises, where the plaintiff was previously ignorant of the existence of that party's interest. Shellpoint points out that *Rydberg* is, thus, an exception to the general rule that a final judgment is conclusive and may not be reopened.[2]

### 2. Discussion

I do not believe that the SBA's reading of *Rydberg* withstands scrutiny. In that case,

> The original foreclosure suit went to decree on April 18, 1941. The 'supplemental petition and amendment to original petition' was filed April 12, 1943. It alleged that execution had issued, that the premises had been sold thereunder to plaintiff, and that sheriff's deed had issued to plaintiff pursuant thereto. It further alleged that in the original petition the plaintiff did not include as defendants certain named persons (including appellees Glen Rydberg and Virginia Rydberg) claiming some right, title and interest in the premises, and made said persons defendants and asked decree against them.

*Rydberg*, 234 Iowa at 246, 15 N.W.2d 1144. Thus, in *Rydberg*, as here, the plaintiff, the buyer in the original foreclosure action, attempted to reopen the *foreclosure* action that had already gone to judgment, execution, and sale of the property, to add parties claiming an interest in the property "and asked decree against them," not merely for a determination of their redemption rights. *Id.*

---

[2] Shellpoint argues that the ability to open a completed foreclosure is necessitated by the requirements of title insurance in Iowa.

The district court dismissed the amended petition "on the ground that the original suit had been finally disposed of and the court had lost jurisdiction and the case could not be revived." *Id.*, 15 N.W.2d at 1144-45. On appeal, the Iowa Supreme Court framed the issue before it as follows:

> Appellees contend that the only relief available to plaintiff was by an independent suit to quiet title. Appellant concedes that form of remedy is proper but says it is not exclusive. This is the only question on the appeal.

*Rydberg*, 234 Iowa at 246-47, 15 N.W.2d at 1145. The Iowa Supreme Court held that the district court had improperly dismissed the reopened foreclosure action.

Specifically, the court in *Rydberg* relied on an earlier decision as controlling authority:

> The case is ruled by our decision in *Johnson v. Leese*, 223 Iowa 480, 273 N.W. 111, 112 [(1937))]. We see no escape from that conclusion. In that case the original plaintiff, some years after obtaining his decree and after having bid in the property at sale and received his sheriffs deed, sold and conveyed the land to another.
>
> The purchaser filed an amendment to the original petition asking that he be substituted as plaintiff, that the case be reopened to bring in new parties defendant who had been inadvertently omitted originally, and that he have decree of foreclosure as against them and that their redemption rights be determined. He also at the same time brought a separate suit to quiet title against the omitted parties. The cases were consolidated for trial.
>
> In affirming the decision of the district court in favor of the substituted plaintiff we said: *'The first question that naturally arises is the right to reopen the case* 12096' (the original foreclosure suit) 'and make Lamoreux and Maher & Meloy parties in order to cut off their right of redemption, if any. The lower court held that the right existed, and in so

> doing, necessarily overruled the objections thereto made by the parties claiming under the Lamoreux interest. *In this the district court was correct.*' (Italics supplied.)

*Rydberg*, 234 Iowa at 247, 15 N.W.2d at 1145. Thus, in the case on which the Iowa Supreme Court relied in *Rydberg*, the plaintiff, like Shellpoint here, was the purchaser in the original foreclosure sale, who then filed an amendment to reopen the case to bring in new parties who had been inadvertently omitted originally, like the SBA here, and sought "decree of foreclosure as against them *and* that their redemption rights be determined." *Id.* (emphasis added).

Thus, both *Rydberg* and *Johnson* authorized reopening of the original *foreclosure* and relief of *foreclosure* against the omitted parties, not merely a determination of redemption rights, as the SBA contends here. Indeed, this reading is confirmed by the Iowa Supreme Court's rejection of the contention that what had happened in *Johnson* was that "the district court in fact dismissed the attempt to reinstate the foreclosure and quieted the plaintiff's title in the other case." *Id.* The Iowa Supreme Court responded,

> But whatever may have been the view of the trial court, *the opinion of this court shows a clear intention to decide the case under the procedure of reopening the original suit for that purpose [i.e., for the purpose of foreclosure]. The fact that after the omitted parties defendant were brought in they were found to have lost their right of redemption because of the statute of limitations, or the fact that the rights of the parties might have been adjudicated under the procedure of quieting title in the other suit, does not render the quoted language dictum. Galvin v. Bank*, 217 Iowa 494, 250 N.W. 729; 21 C.J.S., Courts, § 190 b. We would be reluctant indeed to overrule even by indirection a case which approves procedure upon which doubtless property rights have already been adjudicated and upon which litigants and lawyers have had every reason to rely.

> *We can see no fundamental objection to the reopening of an original foreclosure for the purpose of bringing in omitted parties with possible rights of redemption.* If it be contended they never had such rights, or that having had them they have ceased to exist, it is true a suit to quiet title will lie, and such proceeding being in equity, *the court can treat it as a foreclosure in case rights of redemption are found still to exist, and decree can be moulded accordingly. See Equitable Life Assurance Society v. Asmus*, 230 Iowa 1062, 300 N.W. 318; *Nelson v. First Nat'l Bank*, 199 Iowa 804, 202 N.W. 847; *Equitable Life Ins. Co. of Iowa v. Condon, Iowa*, 10 N.W.2d 78.

*Rydberg*, 234 Iowa at 247, 15 N.W.2d at 1145-46 (emphasis added). Thus, not only did the Iowa Supreme Court recognize that reopening a *foreclosure* action was appropriate, it recognized that doing so was appropriate in equity, whether the previously omitted parties never had redemption rights or had lost them, in which case a quiet title suit would also lie, or the omitted parties still had redemption rights, in which case *foreclosure* was the appropriate course. *Id.*

In short, contrary to the SBA's contentions, the holding in *Rydberg* specifically *authorizes* Shellpoint to reopen the foreclosure case to attempt to adjudicate substantive property rights and extend the May 2016 decree to foreclose out the SBA's mortgage lien—it does not *preclude* Shellpoint from doing so. In support of the contrary contention, the SBA misreads *Rydberg*, 234 Iowa at 248, 15 N.W.2d at 1148. At the cited point in the decision, the Iowa Supreme Court explained, as follows:

> It is not a new action but merely a continuation of the original suit against additional defendants. The proceedings are quasi in rem and no doubt of the court's jurisdiction of the subject matter is suggested. No question of jurisdiction of the persons is involved for appellees are in court as fully as if served with an original notice in a new and independent suit.

> *The case must be distinguished from those in which*
> *vacation or modification of a decree between original parties*
> *is sought, after it has become final and binding. Such cases*
> *are controlled by considerations not present here.*

*Rydberg*, 234 Iowa at 248, 15 N.W.2d at 1147-48. Like the plaintiff in *Rydberg*, Shellpoint does not seek vacation or modification of a decree between the original parties, but a continuation of the original suit against additional defendants, as authorized by *Rydberg*.

The SBA's first ground for dismissal is unavailing.

### C.    No Waiver Of Sovereign Immunity

### 1.    Arguments of the parties

Next, the SBA argues that the relief sought in the amended foreclosure claim violates the limited waiver of sovereign immunity of the SBA in 28 U.S.C. § 2410. Specifically, the SBA argues that the United States only waives sovereign immunity pursuant to § 2410(c) in cases where a plaintiff obtains a judicial foreclosure, and in the context of the foreclosure action, the SBA is allowed by federal law to credit bid at the foreclosure sale, and its one year statutory right of redemption is preserved. Here, however, the SBA argues that the property has already been sold, a new judicial sale cannot be set under the original petition, the SBA did not have a right to credit bid at the 2016 judicial sale, and the final decree did not preserve the SBA's right of redemption. The SBA also argues that Shellpoint cannot reopen the foreclosure action, for the reasons previously argued (and rejected, above). Moreover, the SBA argues, Shellpoint does not have standing to file a new foreclosure action, where it no longer has a lien on the subject real property.

Shellpoint argues that it stands in the shoes of the titleholder, so that it has the right to reopen this matter to produce marketable title, because that is precisely what

*Rydberg* allows. Shellpoint also argues that § 2410(c) states that a judgment or decree in such an action has the same effect with regard to discharge of the SBA's mortgage or lien as local law would provide, and *Rydberg* is that "local law." Shellpoint argues that this action will allow for a supplemental foreclosure decree preserving the SBA's statutory right of redemption, should the SBA choose to assert it.

### 2. *Discussion*

I take no position on whether Shellpoint has standing to file a new foreclosure action, because that question simply is not before me, where Shellpoint's action is to *reopen* the original foreclosure. Shellpoint does have standing to reopen the original foreclosure. *See Rydberg*, 234 Iowa at 247, 15 N.W.2d at 1145 (explaining that the party that had purchased the property from the plaintiff in the original foreclosure is authorized to amend the original petition asking to be substituted as plaintiff, to seek foreclosure against parties inadvertently omitted from the original foreclosure action, and to determine their redemption rights).

As the Eighth Circuit Court of Appeals has explained, § 2410 "waives sovereign immunity," in that it "provides that 'the United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter—(1) to quiet title to, (2) to foreclose a mortgage or other lien upon, … real or personal property on which the United States has or claims a mortgage or other lien.'" *McNeill v. Franks*, 171 F.3d 561, 563 (8th Cir. 1999) (quoting § 2410(a)). "Under 28 U.S.C. § 2410(c), [courts] apply 'the local law of the place where the court is situated' to determine the effect of a foreclosure judgment on a mortgage held by the United States." *United States v. Peckham*, 72 F.3d 672, 674 (8th Cir. 1995) (citing *Donovan v. Farmers Home Admin.*, 19 F.3d 1267, 1268–70 (8th Cir. 1994), as applying state law under § 2410(c) to determine the status of the government's lien).

In this case, the "local law" that determines the effect of a foreclosure judgment on a mortgage held by the United States, *id.*, is *Rydberg*, which authorizes reopening of a foreclosure, even after foreclosure sale and final judgment, to foreclose the interests of parties inadvertently omitted from the original foreclosure action and to determine the omitted parties' rights of redemption, if any. Thus, such an action against the SBA is authorized by § 2410.

The SBA contends that there can be no valid waiver of sovereign immunity, because its right to credit bid at the original foreclosure sale is gone, citing § 2410(c). I conclude that the SBA has misread the statute or mistaken the circumstances at issue here. Specifically, the SBA Mortgage, dated July 9, 2008, was *inferior* to the Countrywide Mortgage, dated June 26, 2007, which was the subject of the original foreclosure action. In such circumstances, § 2410(c) provides that, except in circumstances not present here, "[w]here a sale of real estate is made to satisfy a lien *prior to that of the United States*, the United States shall have one year from the date of sale within which to redeem." 28 U.S.C. § 2410(c) (emphasis added). Thus, § 2410(c) preserves the SBA's right of redemption, where the SBA's mortgage lien was *inferior* to the mortgage lien being foreclosed. In contrast, the only authorization in the statute for the United States (or a United States agency, such as the SBA) to bid at the foreclosure sale states, "*where property is sold to satisfy a first lien held by the United States,* the United States may bid at the sale [an amount specified]." *Id.* (emphasis added). In this case, the SBA did not have a right to bid at the original foreclosure sale pursuant to § 2410(c), because it did not have a first lien, so the ability to bid is not a condition of its waiver of sovereign immunity. Rather, as *Rydberg* and § 2410(a) and (c) authorize, Shellpoint may reopen the *original foreclosure* action to determine the effect of the original foreclosure on SBA's mortgage lien, pursuant to local law, and § 2410(c) provides that the SBA will then have a one-year period of redemption, if its lien is foreclosed.

Shellpoint's claims against the SBA are not barred by the lack of a waiver of sovereign immunity.

### D.     Impropriety Of A Quiet Title Action

#### 1.     Arguments of the parties

Finally, the SBA argues that Shellpoint cannot extinguish the SBA's valid and subsisting mortgage lien through a quiet title claim, as alleged in Count II of the second amended petition.  The SBA argues that a quiet title action is an equity action to foreclose outstanding equitable rights, but is not a vehicle to foreclose a valid mortgage lien.  The SBA points out that Shellpoint has conceded that the SBA has a valid mortgage lien.  Thus, the SBA argues that Shellpoint has taken title subject to the SBA's valid and subsisting lien, which cannot be extinguished through a quiet title action.

Shellpoint argues that, while the numbering of the paragraphs adding the SBA as a party might suggest that it was asserting a quiet title claim against the SBA, Shellpoint has actually asserted both foreclosure and quiet title claims against the SBA.  Shellpoint argues that the quiet title claim is intended to reform the legal description of the property at issue throughout the foreclosure proceedings.  It argues that *Rydberg* provides the authority for its action to foreclose the SBA's mortgage lien, whatever the effect of its quiet title claim.

#### 2.     Discussion

First, notwithstanding the inartful numbering of the paragraphs of the second amended petition, adding the SBA, and the failure to produce a single amended petition to effect that amendment, it is apparent that Shellpoint did not intend to limit its claim against the SBA to a quiet title claim.  Rather, Shellpoint sought to establish the superiority of its interest over the SBA's and to subject the SBA to both its claim for foreclosure and its claim to quiet title.  *See* Second Amended Petition, ¶ 20 ("Any right

or interest the Defendant [SBA] has in and to the property which is the subject of this action is junior and subordinate to the right and interest of the Plaintiff in and to the property."). Second, it is apparent that the purpose of the quiet title claim added in the first amended petition is, as Shellpoint contends, to reform the legal description of the property, as the result of a "scrivener's error in the mortgage that is the subject of this matter." *See, e.g.,* First Amended Petition, Count II, Quiet Title Action, ¶ 15. Iowa law does permit a quiet title action for that purpose. *See, e.g., Paseka v. Weaver Farms, L.L.C.*, 682 N.W.2d 81, 2004 WL 573788, *4 (Iowa Ct. App. March 24, 2004) (table op.). Quiet title actions against the SBA are within the SBA's waiver of sovereign immunity in 28 U.S.C. § 2410(a). Shellpoint is not attempting to use the quiet title claim to foreclose the SBA's mortgage. Rather, that is the purpose of reopening the original foreclosure action, as authorized by *Rydberg*.

The SBA is not entitled to dismissal of Shellpoint's claims on the basis that the quiet title claim is improper.

### III.   CONCLUSION

Upon the foregoing, the April 21, 2017, Motion to Dismiss Pursuant To Rule 12(b)(6) (docket no. 10), filed by the defendant Small Business Administration (SBA) (through the United States), is **denied in its entirety.**

**IT IS SO ORDERED**.

**DATED** this 21st day of June, 2017.

Mark W. Bennett
_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA